## FLORENCE MANUFACTURING COMPANY v. PACIFIC EXPRESS COMPANY.

No. 2037. Decided August 26, 1909 (103 Pac. 966).

JUDGMENT—TRIAL—SUBMISSION ON AGREED STATEMENT OF FACTS—FINDINGS. Where the findings in a case submitted on an agreed statement of facts are not within the stipulation, and the findings and the stipulation are not responsive to the pleadings, the judgment on the findings is without support, and must be reversed. (Page 348.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Action by the Florence Manufacturing Company against the Pacific Express Company.

Judgment for plaintiff. Defendant appealed.

REVERSED AND REMANDED FOR NEW TRIAL.

*P. L. Williams, George H. Smith* and *John G. Willis* for appellant.

*W. R. Hutchinson* for respondent.

STRAUP, C. J.

The plaintiff brought this action to recover the value of merchandise alleged to have been lost in transit. The plaintiff alleged that it, at Florence, Mass., delivered two boxes of merchandise of the value of $398.20 to the American Express company, a common carrier of goods, to be transported to the consignee at Salt Lake City; that the goods were carried to Omaha, Neb., where they were transferred and delivered to the defendant, also a common carrier of goods; and "that the defendant did not safely carry and deliver said goods, but, on the contrary, so negligently conducted and misbehaved in regard to the same as such carrier that the said merchandise was wholly destroyed and lost."

The defendant denied all the material allegations of the complaint, and alleged that the goods were delivered to and accepted by the American Express Company for transportation upon a special written contract by the terms of which it was stipulated and agreed, among other things, that the carrier should not be liable for any loss or damage to the property exceeding the sum of fifty dollars unless the true value thereof was stated in the contract of shipment, and unless a claim of loss was presented in writing within ninety days after shipment, and that the stipulations contained in the contract extended and inured to the benefit of connecting carriers. The defendant also alleged that no valuation was placed on the merchandise by the plaintiff when it was delivered for shipment, and that no claim of loss was presented within ninety days after shipment. The case was submitted to the court upon an agreed statement of facts upon which the court made findings and rendered a judgment in favor of the plaintiff for the sum demanded in the complaint.

The findings do not show, nor is it sufficiently shown by the agreed stipulation of facts, whether the merchandise was shipped in pursuance to the special contract of shipment alleged in the defendant's answer. Neither the stipulation nor the findings show whether a valuation was placed upon the goods by the plaintiff when they were delivered for shipment, or whether a claim of loss was presented. The agreed statement of facts shows that the "shipment was destroyed while in transit" in the state of Wyoming, but by whom, or through whose default, or in what manner, or from what cause, is not stipulated or disclosed. The findings show that the defendant "failed and neglected to safely carry the goods, . . . and permitted and caused them to be wholly destroyed." But the findings in such respect cannot be broader than the stipulation of facts upon which the case was submitted to the court as to all the issuable facts. Counsel in making the stipulation of facts and in causing findings to be made were quite precise and definite in stipulating and causing to be found the corporate ex-

istence, capacity, and business of the parties, and various other things, upon which there was no issue, but failed to stipulate with respect to many of the material and issuable facts. The findings as made are not even within the stipulation, nor are they, nor is the stipulation, responsive to the pleadings.

The judgment is therefore without support, and must be reversed and the case remanded for a new trial. It is so ordered, with costs to appellant.

FRICK and McCARTY, JJ., concur.