## GLEDHILL et al. v. MALOUF.

No. 3602.   Decided April 20, 1921.   (197 Pac. 725.)

1.  TRIAL—FINDINGS MUST BE RESPONSIVE TO ISSUE CREATED BY PLEADINGS. Generally findings must be responsive to and within the issues created by the pleadings.[1]

2.  TRIAL—FINDING AS TO TERMS OF CONTRACT HELD RESPONSIVE TO ISSUES. Where both plaintiffs and defendant pleaded that an oral contract for the purchase and sale of land had been entered into, but materially differed as to the terms and conditions of the contract, and where both prayed for equitable relief, court's finding that a contract different from that pleaded by either plaintiffs or defendant was entered into *held* not objectionable as against contention that it was not responsive to the issues since in such case the court was called upon to determine the legal status of the parties under the contract.

3.  JOINT TENANCY—PURCHASERS OF APPLICATION TO PURCHASE LAND

---

[1] *Price* v. *Lloyd*, 31 Utah, 86, 86 Pac. 767, 8 L. R. A. (N. S.) 870; *Florence Mfg. Co.* v. *Pacific Express Co.*, 36 Utah, 346, 103 Pac. 966; *Kimball* v. *Mining Co.*, 38 Utah, 78, 110 Pac. 872.

FROM THE STATE HELD TO BECOME JOINT OWNERS. Where plaintiffs and defendant agreed to purhase an application to purchase from the state a certain number of acres and to divide the land in a specified manner, and where plaintiffs advanced to defendant a certain sum of money to make such purchase, they became after purchase thereof, joint owners regardless of whether in entering into the agreement they contemplated acquiring a joint ownership in the lands.

4.  SPECIFIC PERFORMANCE—DEFENDANT WHO PURCHASED LAND TO BE DIVIDED BETWEEN PLAINTIFFS AND DEFENDANT UNDER AGREEMENT REQUIRING PLAINTIFFS TO PAY FOR THEIR SHARE HELD ENTITLED TO SPECIFIC PERFORMANCE. Where plaintiffs and defendant agreed to purchase land from the state and to divide the land in a specified manner, and where plaintiffs advanced only a portion of the amount necessary to purchase their share of the land, the defendant, on purchase of the land, was entitled to a decree requiring plaintiffs to specifically perform their part of the contract by payment of their pro rata share of the purchase price.

Appeal from District Court, Sixth District, Sevier County; *J. D. Call,* Judge.

Suit by Thomas Gledhill and others against William Malouf. Decree for defendant, and plaintiffs appeal.

AFFIRMED, with directions.

*N. J. Bates,* of Richfield, for appellants.

*Bean & Hunt,* of Richfield, for respondent.

CORFMAN, C. J.

Plaintiffs brought this action against the defendant to recover money advanced by them under an oral agreement for the sale of certain land and water rights situated in Sevier county, Utah.

In substance, the complaint alleges: That on or about April 28, 1919, plaintiffs entered into a parol agreement with the defendant whereby the defendant contracted to sell at $20 per acre to the plaintiffs a tract of land consisting of

280 acres in section 16, township 18 south, range 5 west, S. L. M., the exact description of which was to be mutually agreed upon and determined between the parties 10 days thereafter; also, that the defendant further agreed that he would secure from the Sevier River Land & Water Company a water right for said tract of land consisting of one acre-foot of water annually for each acre at $35 per acre, upon terms stated, all of which defendant was to do within 10 days from April 28, 1919, including a conveyance of said land and water to plaintiffs by good and sufficient deeds and instruments of transfer; that in consideration of said agreement plaintiffs, at said time, paid to defendant as part payment on said lands $2,143; that the defendant thereafter failed and refused to convey said land and deliver a transfer of said water right therefor, and that by reason of defendant's default in that behalf the plaintiffs have rescinded said contract and demanded the return of said part payment, with which demand defendant has, ever since said rescission of contract, failed and refused to comply, to plaintiffs' damage in the sum of $2,143, for which sum they pray judgment, together with legal interest thereon from April 28, 1919. Plaintiffs also pray for equitable relief.

The defendant answered with a general denial of the allegations of the complaint, except as specifically admitted, and also, for a further defense, and by way of a counterclaim, alleged: That on or about April 24, 1919, defendant was the owner of an option to purchase, subject to the right of the state of Utah, under a contract of sale by the State Board of Land Commissioners, 560 acres of land in section 16, township 18 south, range 5 west, S. L. M.; that on or about said date defendant entered into an oral agreement with the plaintiffs whereby the defendant agreed to sell and plaintiffs agreed to buy the relinquishment of said lands upon terms stated; that in pursuance of said agreement plaintiffs, on or about April 28, 1919, paid to defendant $2,144 with which to close said option upon said lands, and that, relying upon said agreement, defendant closed said option, using said $2,144 so paid and advanced by plaintiffs therefor; that

on or about May 4, 1919, said oral contract was, by mutual
consent of the parties thereto, altered and changed so that
plaintiffs were to pay for said relinquishment $11,200, pay-
able in installments and upon terms stated; that the de-
fendant has ever since been, and is now, ready and willing to
perform said agreement on his part, but that the plaintiffs
have failed and refused to make any further payments as
mutually agreed upon, and on or about May 4, 1919, refused
in writing to further carry out or perform the contract they
had thus entered into with the defendant. Further answer-
ing, and for counterclaim, the defendant alleges: That on
or about May 10, 1919, plaintiffs employed defendant to
purchase for them upon terms stated certain water rights
for the irrigation of said lands and to pay to the defendant
for his services in that behalf $2.50 per acre; that pursuant
to said employment defendant procured the water for the
lands, but the plaintiffs have failed and refused to accept
said water rights or to pay the defendant for said services.
Defendant prays judgment against the plaintiffs, that they
be required to specifically perform their contract set out in
his first counterclaim, and that he have judgment against
them in the sum of $1,400 for services rendered, as in his
second counterclaim set forth; also for equitable relief.

Plaintiffs filed a reply to the answer denying the allega-
tions thereof except in so far as the facts are pleaded in their
complaint.

On the pleadings thus formed a trial was had before the
district court, sitting without a jury. The record is volumin-
ous. Much of the evidence is in conflict. After reading the
entire transcript we are convinced that, for the purposes of
this opinion, an attempt on our part to even briefly state the
evidence of the contending parties in support of their re-
spective pleadings would be unavailing. This much may be
said, however: The parties entered into a transaction with
respect to the acquirement of title to certain state lands, and
in anticipation that water rights could be secured therefor.
In furtherance of their mutual plans and intentions, plain-
tiffs advanced to the defendant the money sued for in this

action for the purpose of securing the land. Thereafter defendant proceeded in good faith to transact the business leading up to the acquirements of both lands and water rights. The lands were first acquired by the defendant as mutually planned for by the parties, the defendant using the money theretofore advanced by plaintiffs for that purpose. The water was not acquired, and could not be had for the price anticipated by the parties. Then misunderstandings and dissensions arose, and the plaintiffs commenced this action. Both the plaintiffs and the defendant seek equitable relief. We are convinced, after carefully reading the record, that the salient facts brought out at the trial are reflected by the trial court's findings, to wit:

"That on the 28th day of April, 1919, the plaintiffs and defendant entered into an agreement to jointly purchase an application to purchase from the state of Utah the following described lands, to wit: The west half of the northeast quarter, and the west half of the southeast quarter, of section 16, township 18 south, range 5 west of Salt Lake meridian; said application and right to purchase them being owned by one John P. Barton of Beaver, Utah, the plaintiffs agreeing to take and pay for 320 acres of said land and the defendant agreeing to take and pay for 240 acres thereof. Said lands were to be bought at the rate of $20 per acre, payable as follows: $4,536 to be paid to the State of Utah in 10 annual installments, together with interest thereon, payable annually; $2,000 to be paid on the 25th day of April, 1919; $2,000 to be paid on the 25th day of May, 1919; $1,664 to be paid on December 31, 1919; and $1,000 to be paid on October 30, 1920.

"That in pursuance of the said agreement the plaintiffs did, on the said 28th day of April, 1919, pay to the defendant the sum of $2,144 to apply on said purchase price; and defendant, on the 30th day of April, 1919, in pursuance of the aforesaid agreement, procured from said John P. Barton an assignment of his right, title, and interest in and to the aforesaid lands, and later the State Board of Land Commissioners of the State of Utah issued a certificate of sale of said lands to the said defendant.

"That the defendant, ever since the 30th day of April, A. D. 1919, was, and now is, ready, willing, and able to transfer to the plaintiffs their pro rata share of the said tract of land upon the payment to him of their pro rata share of the payments made to the state of Utah and the payments falling due in April, May, and December, 1919.

"That the plaintiffs have paid no other sum or amount in pur-

suance of the aforesaid agreement than the $2,144 above mentioned.

"That whatever service the defendant rendered in trying to obtain water for the aforesaid lands was done for the mutual benefit of the plaintiffs and defendant.

"The court finds in favor of the defendant and against the plaintiffs on the demands made in the complaint.

"The court finds for the plaintiffs and against the defendant on the demand in the counterclaim for services.

"The court further finds that the plaintiffs and defendant, in May, 1919, had some talk in which the proposition of the plaintiffs taking the whole of said tract of land was discussed, but no payment was made thereon, and no note or memorandum of agreement was made to this effect."

From the foregoing findings of fact the trial court made its conclusions of law, and decreed as follows:

"It is ordered, adjudged, and decreed that the plaintiffs take nothing upon their complaint herein. It is, however, ordered, adjudged, and decreed that the plaintiffs may, at their option, within 30 days after the filing of this decree, pay to the defendant four-sevenths of any money the defendant has paid the state of Utah in compliance with the terms of the contract entered into April 28, 1919, as found by the court; $147.71, with legal interest thereon from May 25, 1919; $950 with legal interest thereon from December 31, 1919; and upon assuming to pay the state of Utah four-sevenths of the balance of the $4,536 to be paid to the state of Utah, and also assuming the obligation to pay four-sevenths of the payment falling due October 30, 1920, then the defendant shall convey by a good and sufficient instrument of conveyance to the said plaintiffs an undivided four-sevenths of the following lands, conveying his right, title, and interest acquired by reason of the assignment from John P. Barton and the certificate of sale from the State Board of Land Commissioners of the state of Utah, to wit: The west half of the northeast quarter, and the west half of the southeast quarter, section 16, township 18 south, range 5 west, Salt Lake meridian. It is further ordered, adjudged, and decreed that the defendant take nothing by reason of his counterclaims for services in purchasing water for the said land, and in case of plaintiffs' failure to elect within 30 days to pay the money due as herein ordered, then judgment is against the plaintiff, and his complaint is dismissed. It is further ordered, adjudged, and decreed that the defendant have and recover his costs herein, taxed at $———."

The plaintiffs appeal. They assail the findings and judgment of the district court upon the grounds that they are not supported by the evidence and that they do not conform with the issues raised by the pleadings. They make no com-

plaint, however, with the rulings of the court under the pleadings with respect to the water rights for the lands involved. What they do contend for and point out is that their complaint was based upon an express contract for the purchase and sale of 280 acres of land which defendant had failed and refused to perform, and that the defense was that a contract had been entered into between the parties for the purchase and sale of 560 acres of land which the plaintiffs failed and refused to perform, the only material difference being, as pleaded, as to the acreage called for under the contract. Therefore plaintiffs argue and contend that the court's findings that a contract was entered into between the parties to purchase land jointly was wrong, and established a different legal relationship under contract than that pleaded or contemplated by either plaintiffs or the defendant. In support of their contention that the findings and judgment are not responsive to the pleadings in the case, plaintiffs have cited us to the following cases and authorities: *Price* v. *Lloyd,* 31 Utah, 86, 86 Pac. 767, 8 L. R. A. (N. S.) 870; *Florence Mfg. Co.* v. *Pacific Express Co.,* 36 Utah, 346, 103 Pac. 966; *Kimball* v. *Mining Co.,* 38 Utah, 78, 110 Pac. 872; 9 Cyc. 588; 31 Cyc. 83-85; 2 Spelling, New Tr. & App. §§ 591-596.

No fault is to be found with the doctrine announced by the cases and authorities relied on by plaintiffs. They state the general rule to be adhered to in both law and equity cases that the findings must be responsive to and within the issues created by the pleadings. It does not necessarily follow, however, that the rule should be applied in every case where both parties to a particular transaction fail to properly interpret and allege or set forth their legal relationship and their rights under it. In many cases the courts are called upon to, and frequently do, adjudicate and determine the rights of the respective parties before them contrary to the theories of both litigants. In the case at bar, as has been seen, both plaintiffs and the defendant pleaded that an oral agreement had been entered into with respect to the purchase and sale of lands. True, as it frequently happens.

pens, they materially differed as to the exact terms and conditions of the contract as well as their rights under it. However, they both pleaded that they entered into it and acted upon it. Having done so, some legal relationship between them had been formed, and the court was, under the issues joined, called upon and had the right to determine their legal status and rights under the contract. They were both praying for equitable relief. At the trial it was fully established, as we think, by the weight of the testimony, and the court so found, that on the 28th day of April, 1919, the parties to the action had entered into an agreement to "jointly purchase an application to purchase from the state of Utah" 560 acres of land; that the plaintiffs were to take and pay for 320 acres and the defendant 240 acres; that in pursuance of said agreement the plaintiffs advanced or paid to the defendant $2,144.00 to make said purchase with, and thereafter the defendant made said purchase; and that defendant has ever since said purchase been ready, willing, and able to transfer to the plaintiffs their pro rata share of said lands upon payment to him of the payments already made by him, and assuming their pro rata share of those remaining unpaid and due and to become due to the state. It is apparent from this record that the court could not do justice and equity between the parties under the facts and circumstances except by finding that they had entered upon a joint enterprise and decreeing that they should proportionately bear the burdens of it. In effect, the court's decree is one of specific performance of the contract entered into and acted upon, and partly performed in good faith by both parties. We are of the opinion that no good reason has been shown or assigned on the part of either plaintiffs or defendant why the agreement entered into by them may not be fully performed, as the great weight of the evidence shows they had intended.

Let it be conceded that neither the plaintiffs nor defendant contemplated entering an agreement to acquire a joint ownership in the lands, yet it would appear that their acts and conduct were such that, in equity, they must be legally held to have become joint owners. Their

conduct was such as to preclude a restoration of their former status, and no other relief than that decreed could be awarded the parties without doing a grave injustice to one or the other. A return of the money sued for by plaintiffs would leave the defendant burdened with the payments on the lands purchased for plaintiffs in good faith; the retention of the money advanced by plaintiffs for that purpose     4 without a transfer of the lands to them by defendant would also be manifestly unjust.

Finding no prejudicial error in the record, and for the reasons stated, the judgment and decree of the district court is affirmed. Costs to defendant. However, since the time allotted by the district court for the plaintiff to comply with the decree has expired pending proceedings on appeal to this court, let the case be remanded, with directions to grant the plaintiffs such further time to comply with the decree as may appear to be just and reasonable.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.